UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.    05-10672 DPW

EVERETT SCHOFIELD, PRO SE
    Plaintiff

v.

JAY GREEN, ED KELLY,
JUDITH M. LYONS, AND JULIE
CIMINO
    Defendants

### DEFENDANTS JAY GREEN AND ED KELLY'S MOTION TO DISMISS

Defendants move for a dismissal of the proceedings in the above captioned case for the following reasons:

1. On February 27, 2004 Plaintiff Everett Schofield ("Schofield") was arrested and charged with unarmed robbery and assault and battery on Defendant Julie Cimino ("Cimino"). Exhibit A Plaintiff's Complaint Paragraph 1.

2. Schofield alleges that Defendants Jay Green ("Green"), Ed Kelly ("Kelly"), and Cimino intentionally agreed to implicate the Plaintiff as the one who robbed and assaulted Defendant Cimino. Exhibit A, Plaintiff's Complaint Paragraph 16.

3. Plaintiff further alleges that Defendant Judith Lyons ("Lyons") knew or should have known that Plaintiff was not the one who robbed and assaulted Cimino. Exhibit A, Plaintiff's Complaint Paragraph 17.

4. Plaintiff filed this civil rights complaint in Suffolk Superior Court on January 19, 2005.

5. Plaintiff filed an identical complaint in this Court on November 12, 2004. (Civil Action No. 04-12484 WGY). Judge Young dismissed that case on the premise that the

       "Favorable Termination Rule" bars Plaintiff's damages claims. See Exhibit B, Memorandum and Order of Dismissal, December 14, 2004.

6. Plaintiff is currently incarcerated in Old Colony Correctional Center in Bridgewater, MA, awaiting trial on the aforementioned charges. (Criminal Docket # SUCR 2004-10440)

7. In the alternative, if this Court does not grant this motion to dismiss, Defendants Green and Kelly request that this matter be stayed.

8. The rule in the First Circuit is that federal suit for damages under §1983 must be stayed pending completion of a parallel criminal prosecution in state court if the validity of the state criminal charge is a necessary issue in the federal suit. See Guerro v. Mulhearn, 498 F.2d 1249, 1255 (1st Cir. 1974).

9. The purpose of this rule is to avoid undermining state criminal prosecutions and to avoid litigating questions that could be settle by those prosecutions. See Landrigan v. City of Warwick, 628 F.2d 736, 743 (1st Cir. 1980).

       For the forgoing reasons, the Defendants Green and Kelly respectfully request this Court grant their Motion to Dismiss, or in the alternative stay the proceedings pending the outcome of the underlying criminal matter.

        Respectfully Submitted
        DEFENDANTS, JAY GREEN AND ED KELLY

        Merita A. Hopkins
        Corporation Counsel

        By their attorney:

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true Copy of the above document was served Upon the attorney of record for each Party by mail**

        /s/ Karen A. Glasgow
        Karen A. Glasgow
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-3238
        BBO# 648688

**April 7, 2005**    **/s/ Karen A. Glasgow**
**Date**              **Karen A. Glasgow**

COMMONWEALTH OF MASSACHUSETTS

Suffolk,ss

Civil Action No
05-0213-D

Gene Schofield,pro se )
     Plaintiff )
 )
V. )
 )
Det. Jay Green )
Det. Ed Kelly )
Julie Cimino )
Judith M. Lyons,ADA )
    defendants )
_____)



## VERIFIED CIVIL RIGHTS COMPLAINT

### INTRODUCTION

This is a civil rights compalint filed by the plaintiff pro se against the defendants for various violations of his civil rights.

### JURISDICTION

This court has jurisdiction over the subject matter pursuant to 42 U.S.C. sec. 1983. G.L.c. 12,sec.11H

### PARTIES

The plaintiff is in the custody of the Massachusetts Department of Corrections(herein referred to as the DOC)on awaiting trial status,who's address is OCCC 1 Administration Rd.,Bridgewater,MA 02320.

    The defendant Det. Jay Green is a Boston Police Officer who's business address is 40 Gibson St.,Dorchester,MA 02122.

The defendant Det. Ed Kelly is a Boston Police Officer who's business address is 40 Gibson St.,Dorchester,MA 02122.

The defendant Julie Cimino's address is 24 Glenrose St. Dorchester,MA .

The defendant Judith M. Lyons is an assistant District Attorney who's business address is One Bulfinch place,Boston,MA 02144.

### STATEMENT OF THE FACTS

1. On and about February 27,2004 the plaintiff was arrested by the Boston Police Office(station 11) and charged with unarmed robbery and assault and battery of defendant Julie Cimino.

2. The alleged crime occurred on and about February 26,2004 as stated in the Boston Police report.

3. That,the plaintiff was outside of the Boston area visiting a friend in Lowell,MA when the alleged crime occurred.

4. That,while plaintiff was in custody at station 11 he over heard defendant Green saying to his fellow police officers that he believed that the plaintiff was the one who had robbed defendant Cimino the day before.

5. That,while plaintiff was in his cell,defendant Green came over to plaintiff and asked "Schofield,what do you know about the saint marks robbery?"

6. That,plaintiff stated that he did not know anything about it.

7. That,defendant Green began to shout at plaintiff useing profanity and said"your not fuckin' cooperating with me".

8. That,defendant Green walked away saying "I'm trying to help you" ,you'll see,I'll fix your fuckin' ass".

9. That,according to defendant Green he called defendant Cimino and asked her to come to the police station to see some photos

10. That,defendant Green along with defendant Kelly selected a recent photo of the plaintiff along with eight (8) other photos to show defendant Cimino.

11. That,defendant Cimino arrived at the police station to look at the nine (9) photos.

12. That, both defendants Green and Kelly conspired to implicate plaintiff as the person who had robbed and assaulted defendant Cimino the day before.

13. That, defendants Green and Kelly suggested photo #9 was the one who robbed and assaulted defendant Cimino.

14. That, defendant Cimino then identified plaintiff, Photo #9 as the one who had robbed and assaulted her.

15. That, the original perpretrator was idetified as a 6 foot and wearing color clothing that did not fit the describtion of the plaintiff.

16. That, defendants Green, Kelly and Cimino intentionally agreed to implicate the plaintiff as the one who had robbed and assaulted defendant Cimino the day before.

17. That, defendant Judith Lyons also knew or should have known that the plaintiff was not the one who had robbed and assaulted defendant Cimino.

## CLAIMS/CAUSES OF ACTION

18.                    (False Arrest)
    That, the actions of defendants Green and Kelly are in violation of plaintiffs civil rights for false arrest.

19.                    (Conspiracy)
    That, the specific actions of defendants Green, Kelly and Cimino are in violation of conspiracy of the plaintiffs Civil rights.

20.                    (Malicious Prosecution)
    That, the actions of defendant Lyons is in violation of the plaintiffs civil rights for prosecuting him for a crime he did not commit.

21. That, the actions and enactions of all the defendants are in violation of plaintiffs civil rights under 42 U.S.C. 1983

## PRAYER FOR RELIEF

Wherefore the plaintiff request that this Honorable Court grant plaintiff the following relief.

(a). Issue a declaratory judgment against the defendants for violation of plaintiffs rights affirming plaintiffs allegations in said complaint.

(b) Issue an injunction against the defendants prohibiting them from further violating plaintiffs civil righs.

(c) Grant plaintiff both compensatory and punitive damages from all the defendants.

Compensatory damages from each defendant in the amount of $25,000(thousand dollars)

Punitive damages from each defendant in the amount of 50,000(thousand dollars)

(d) Grant plaintiff such relief that this court deems just and proper.

20. Plaintiff demands a trial by jury.


Dated  11-9-04

Respectfully Submitted

*Everett "Gene" Schofield*
Everett "Gene" Schofield, pro
OCCC-1 Administration Rd.
Bridgewater, MA 02324


VERIFICATION
I, Everett "Gene" Schofield, under the pains and penalty of perjury hereby verify that the statements of facts in this complaint are true to the best of my knowledge and belief.
*Everett "Gene" Schofield*
Signed under the pains of penalty this ___9th___ day of

November 2004

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EVERETT SCHOFIELD, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-12484-WGY |
| JAY GREEN, ED KELLY, JUDITH M. LYONS, and JULIE CIMINO, | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER OF DISMISSAL

YOUNG, C.J.

For the reasons stated below, I order that the civil rights action of plaintiff Everett Schofield be dismissed and I deny as moot the plaintiff's application to proceed without prepayment of the filing fee.

FACTS

Schofield is currently incarcerated at the Old Colony Correctional Center in Bridgewater, Massachusetts. On November 12, 2004, Schofield filed a civil rights complaint in which he alleges that he was unlawfully prosecuted for and convicted of the February 26, 2004 robbery, assault, and battery of defendant Julie Cimino. Schofield alleges that Suffolk County assistant district attorney Julie M. Lyons, Boston police officers Jay Green and Ed Kelly, and Cimino and

all knew that Schofield did not commit the crime at issue yet prosecuted or assisted in the prosecution of Schofield. Schofield has alleged that the defendants' alleged misconduct violated his civil rights and is therefore actionable under 42 U.S.C. §§ 1983 and 1985. In his prayer for relief, Schofield requests that the court (1) issue a declaratory judgment "affirming" the plaintiff's allegations; (2) enjoin the defendants from "further violating plaintiffs [sic] civil righ[t]s"; and (3) award the plaintiff compensatory damages in the amount of $300,000 ($75,000 from each defendant). Compl. § 19.

Schofield also filed an application to proceed without prepayment of the $150.00 fee for filing his complaint.

## DISCUSSION

I. The Court May Screen this Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, a summons does not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A

authorize federal courts to dismiss complaints <u>sua sponte</u> if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); see <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted) (<u>sua sponte</u> dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption).

II. Plaintiff's Damages Claims Are Barred by the Favorable Termination Rule

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that where a prisoner seeks damages for an allegedly unconstitutional conviction, he has no cause of action under § 1983 because the success of the suit would effectively invalidate the prisoner's underlying conviction and sentence. <u>Heck</u>, 512 U.S. at 486-487. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. Id. at 486. The holding of Heck has been extended to other sections of the Civil Rights Act. See, e.g., Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999)(holding Heck applies with respect not only to § 1983 claims but also to claims under 42 U.S.C. §§ 1981, 1985(3) and 1986); accord Martinez v. Ensor, 958 F. Supp. 515, 517-518 (D. Col. 1997) (§§ 1981 and 1985).

Here, the success of plaintiff's suit would necessarily imply the invalidity of his criminal conviction because Schofield is claiming that he was falsely arrested, wrongly charged, and that a conspiracy involving the alleged victim, the prosecuting attorney, and police officers resulted in his wrongful conviction. He has not alleged that an authorized tribunal or executive body overturned or otherwise invalidated his convictions. Consequently, Heck bars plaintiff's claims and is a sufficient basis, in and of itself, to dismiss them. Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998) (dismissing); accord White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing; habeas corpus is the only permitted mode of federal collateral attack on a state conviction).

4

CONCLUSION

Accordingly, plaintiff's complaint is DISMISSED, and the plaintiff's application to proceed to proceed without prepayment of the filing fee is DENIED AS MOOT.

SO ORDERED.

Dated at Boston, Massachusetts, this  14th  day of December , 2004.

                              /s/ William G. Young
                              UNITED STATES DISTRICT JUDGE