UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENE SCHOFIELD,<br>  Plaintiff,<br><br>v.<br><br>DETECTIVE JAY GREEN,<br>DETECTIVE ED KELLY,<br>JULIE CIMINO,<br>  and<br>JUDITH M. LYONS, A.D.A.,<br>  Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 05-10672-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF ASSISTANT DISTRICT ATTORNEY JUDITH M. LYONS
<u>IN SUPPORT OF  MOTION TO DISMISS</u>**

    The defendant, Assistant District Attorney (ADA) Judith M. Lyons, of the Suffolk County District Attorney's Office, submits this Memorandum in support of her motion to dismiss the complaint filed by Gene Schofield ("the plaintiff").   Plaintiff alleges that ADA Lyons and the other defendants abridged his civil rights in violation of 42 U.S.C. § 1983 and G.L. c. 12, § 11H in connection with his arrest and prosecution for unarmed robbery and assault and battery.   He claims that he was subject to false arrest, conspiracy, malicious prosecution and violation of civil rights in the course of his arrest and prosecution. (Complaint, p. 3, ¶ ¶ 18-21).  The plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages from each defendant totaling $300,000.   (Complaint, p. 3, ¶ ¶ (a)-(d)).

    This is the second action filed by the plaintiff based on the same set of circumstances espousing the same theory of recovery against the same defendants.  The plaintiff's first action was summarily dismissed by USDC Chief Judge William G. Young last year.  (See

2

Appendix at 2, 7). [1]  As discussed more fully below, the suit is precluded from further litigation under the doctrine of res judicata.  In addition, ADA Lyons enjoys absolute immunity from suit under civil rights law for the initiation and pursuit of a criminal prosecution, and for her actions during judicial proceedings.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  For these reasons the complaint should be dismissed for failure to state claim upon which relief under 42 U.S.C. § 1983 can be granted.

## FEDERAL COURT PROCEEDINGS

On November 12, 2004, the plaintiff under the name of Everett Gene Schofield filed a civil rights complaint against Judith Cimino, Jay Green, Ed Kelly and Judith M. Lyons in the United States District Court, alleging that he was unlawfully arrested and charged with unarmed robbery and assault and battery of defendant Cimino.  *Schofield v. Green, et. al,* C.A. No. 04-12484-WGY (App. at 1, 3-6).  The plaintiff claimed that Boston Police officers Green and Kelly as well as the defendant-victim Cimino agreed to implicate him in the crimes and that ADA  Lyons "also knew or should have known that the plaintiff was not the one who had robbed and assaulted defendant Cimino." (App. at 15).  The action was summarily dismissed by the district court on December 15, 2004, pursuant to

---

[1] The defendant is appending the following documents from the court records of the United States District Court regarding the plaintiff's first action, *Schofield v. Green et al.*, C.A. No. 04-12484-WGY.  App. at 1-2 (Civil Docket For 04-12484-WGY); App.at 3-6 (Verified Civil Rights Complaint); App. at 7( Order of Dismissal); App. at 8-12 and (Memorandum and Order of Dismissal dated December 14, 2004.  Also included in the Appendix is the Suffolk Superior Criminal Docket in *Commonwealth v. Schofield*, SUCR 2004-10440 (App. at 13-17).  *See Watterson v. Page,* 987 F.2d 1, 3 (1st Cir. 1993) (on motion to dismiss, court may consider official public records, documents that are incorporated by reference into the complaint and documents that are "central to the plaintiff's claim").

3

28 U. S. C. § 1915.  The court reasoned that the suit was barred by the Favorable Termination Rule of *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)(prisoner must prove that a conviction or sentence has been reversed or otherwise invalidated before seeking damages for allegedly unconstitutional imprisonment).  No notice of appeal was filed. (App. at 2).

On April 5, 2005, the plaintiff under the name of Gene Schofield filed a nearly identical complaint in district court against the same defendants.  *Schofield v. Green, et al.*, C.A. No. 05-10672-DPW.  (*Cf.* App. at 3-6 to Verified Civil Rights Complaint, pp. 1-4). ADA Lyons moved to enlarge the time for filing a responsive pleading to May 25, 2005 and today filed a motion to dismiss.

## ARGUMENT

I.   THE COMPLAINT SHOULD BE DISMISSED ON RES JUDICATA GROUNDS

Ordinarily, res judicata is an affirmative defense to be pleaded in the defendant's answer.  *See* Fed. R. Civ. P. 8(c).  However, when all relevant facts are contained in the court's own records, of which it takes judicial notice, the defense may be upheld on a Rule 12(b)(6) motion.  *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992); *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56, 60 (1st Cir. 2000).  Even without a motion, "a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste." *Bezanson v. Bayside Enterps., Inc.*, 922 F.2d 895, 904 (1st Cir.1990).

It is well settled that res judicata applies in civil rights actions.  *Allen v. McCurry*, 449 U.S. 90, 95-104 (1980); *Landrigan v. City of Warwick*, 628 F.2d 736, 740 (1st Cir.1980);

4

*Griffin v. Burns*, 570 F.2d 1065, 1070 (1st Cir.1978); *Lovely v. Laliberte*, 498 F.2d 1261, 1262 (1st Cir.), *cert. denied*, 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974). Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. at 94. Issues actually litigated, decided, and necessary to a final judgment are binding in future litigation between the same parties. *Penobscot Nation v. Georgia-Pacific Corp.*, 254 F.3d 317, 323 (1st Cir. 2001). Where both actions were litigated in federal courts, federal law governs the res judicata effect of the prior judgment. *Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir. 1989). For a claim to be precluded by res judicata, there must be "(1) a final judgment on the merits in an earlier action; (2) sufficient identity between the causes of action asserted in the earlier and later suits; and (3) sufficient identity between the parties in the two suits." *Bay State HMO Mgt. v. Tingley Sys. Inc.,* 181 F.3d 174, 177 (1st Cir. 1999). *See Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 37 (1st Cir. 1998); *Gonzalez v. Banco Central Corp.*, 27 F.3d 751, 755 (1st Cir.1994).

In defining "cause of action" for purposes of res judicata, the First Circuit "adheres to a broad transactional approach that embraces all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *United States v. Cunan*, 156 F.3d 110, 114 (1st Cir. 1998).

In the case at bar, the prior action and the present case satisfy the three-part test for res judicata. First, the court's dismissal of the prior action constitutes a final judgment on

5

the merits. Rule 41(b) of the Federal Rules of Civil Procedure provides that unless the court otherwise specifies, "a dismissal ... other than a dismissal for lack of jurisdiction ... operates as an adjudication upon the merits." Fed.R.Civ.P. 41(b). *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000). In his decision, Judge Young addressed on the merits the key barrier faced by the plaintiff in pursing the action, i.e., that he had failed to meet the threshold requirement imposed by the Supreme Court in *Heck*. (App. at 10-11). Second, there is "sufficient identity between the causes of action asserted in the earlier and later suits." *Bay State*, 181 F.3d at 177. The 2004 complaint and the 2005 complaint are virtually identical and appear to be dated the same day. In both complaints, the plaintiff alleges that he was unlawfully arrested on unarmed robbery and assault and battery charges on February 27, 2004, and that defendants Green, Kelly and Cimino knew that he did not commit the crimes. He also asserts in both complaints that ADA Lyons "knew or should have known"that he was not the perpetrator of the crimes. Finally, there is "sufficient identity between the parties in the two suits," *Bay State*, 181 F.3d at 177, since the plaintiff made the above claims against ADA Lyons and the other defendants by name in both actions. (Complaint ¶¶ 1-17 and App. at 2-15). Plaintiff's prior § 1983 suit precludes as res judicata the instant claims against ADA Lyons. As a result, the current claims should be dismissed.

II.   **ASSISTANT DISTRICT ATTORNEY LYONS IS ABSOLUTELY IMMUNE FROM SUIT AND THE COMPLAINT AGAINST HER SHOULD BE DISMISSED.**

A state prosecutor has absolute immunity from suit under civil rights law for the initiation and pursuit of a criminal prosecution, and for her actions during judicial

6

proceedings.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993), citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Such actions should be analyzed under a functional approach, *see Burns v. Reed*, 500 U.S. 478, 486 (1990), which looks to the "nature of the function performed, not the identity of the actor who performed it," *Forrester v. White*, 484 U.S. 219, 229 (1988).  *See Antoine v. Byers*, 508 U.S. 429, 435-436 (1993); *Harlow v. Fitzgerald*, 457 U.S. 800, 810 (1982).  When a government offical is protected by absolute immunity, that protection is not eroded no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).  *See Dennis v. Sparks*, 449 U.S. 24, 31 (1980) (allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute immunity).  In *Butz v. Economou*, 438 U.S. 478, 512 (1978), the Supreme Court announced the following factors as characteristic of the judicial process that should be considered in determining whether absolute or qualified immunity applies.  They are:

> (a) the need to assure that the individual can perform his functions without harasssment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; ( c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctibility of error on appeal.

*Id.  See Cleavinger v. Saxner*, 474 U.S. at 201-202.  Once the defense of immunity is raised, the plaintiff has the burden to prove, with specific facts, that such protection does not apply to the defendant's conduct.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Dominique v. Telb*, 831 F.2d 673, 676 (6th Cir. 1987).

7

The protected functions of a government official include any administrative and investigatory acts relating to an advocate's preparation for the initiation of a prosecution as well as the act of advocating for the state during trial. *Buckley*, 509 U.S. at 272-273. The protection of absolute immunity extends to "action taken preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley*, 509 U.S. at 272, quoting *Imbler*, 424 U.S. at 431, n. 33.

Clearly ADA Lyons is entitled to absolute immunity. She is handling the plaintiff's trial and prosecution on charges of unarmed robbery, assault and battery, armed carjacking, armed robbery, robbery of a person over sixty years of age, assault and battery with a dangerous weapon of a person over sixty years of age and negligent operation of a motor vehicle. (App. at 14, 17). Moreover, he fails to specify what actions of the prosecutor allegedly violated his civil rights. (Petition, p. 3, ¶ 17.) If, as he claims, the victim's identification of his photograph as the robber was suggestive, there is ample opportunity for his trial attorney to make that assertion in a pre-trial or trial motion. *See Commonwealth v. Johnson*, 420 Mass. 458, 464-472, 650 N.E.2d 1257 (1995) (reaffirming rule of per se exclusion of unnecessarily suggestive identifications as stated in *Commonwealth v. Botelho*, 369 Mass. 860, 866, 343 N.E.2d 876 (1976)).

In any event, ADA Lyons is absolutely immune from suit under 42 U.S.C. § 1983 for the initiation and pursuit of a criminal prosecution, and for her actions during judicial proceedings. *Buckley,* 509 U.S. at 269.

8

## CONCLUSION

For the above-stated reasons, the complaint should be dismissed.

> Respectfully submitted,
>
> THOMAS F. REILLY
> ATTORNEY GENERAL
>
> /s/ Annette C. Benedetto
> Annette C. Benedetto
> Assistant Attorney General
> Criminal Bureau
> One Ashburton Place
> Boston, Massachusetts 02108
> (617) 727-2200
> BBO No. 037060

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the plaintiff, pro se, by first class mail, postage prepaid on May 25, 2005, addressed as follows:

Gene Schofield, pro se
A 90320
Old Colony Correctional Center
1 Administration Road
Bridgewater, MA 02324

> /s/ Annette C. Benedetto
> Annette C. Benedetto,
> Assistant Attorney General
> Criminal Bureau