```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


EVERETT SCHOFIELD,            )
     Plaintiff,               ) CIVIL ACTION NO.
                              ) 05-10672-DPW
          v.                  )
                              )
JAY GREEN, ET AL.,            )
     Defendants.              )
```

MEMORANDUM AND ORDER
May 31, 2005

In this civil rights case, brought by a state prisoner currently awaiting trial on criminal charges, plaintiff essentially claims he was wrongfully charged in his state criminal case. This case has been removed from the Superior Court where it was filed on January 19, 2005. This complaint is virtually identical to the complaint filed originally in this court and docketed as 04-12484-WGY on November 12, 2004, which Chief Judge Young dismissed on December 14, 2004.[1] Chief Judge Young relied upon the rule of Heck v. Humphrey, 512 U.S. 477 (1994), which held that a prisoner alleging damages for a purportedly unconstitutional incarceration or conviction has no cause of action at least until the "conviction or sentence" has

---

[1] Under the relatedness rules of this court, D. Mass. L. R. 40.1(G), the instant case, involving the same parties and the same or similar claims to those before Chief Judge Young should have been assigned to his docket. However, the defendants' counsel removing the case failed to notify the clerk as required, that it was related to 04-12484-WGY, L. R. 40.1(G)(2), and consequently the relatedness of the cases did not become clear until I reviewed the pleadings. Rather than further prolonging proceedings by undertaking reassignment, I will dispose of the case myself.

been "reversed," "expunged," "declared invalid by a state tribunal," or "called into question by a federal court's issuance of a writ of habeas corpus," id. at 486-87.  See generally Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998); White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997).

Given the continued pendency of the plaintiff's criminal case in the state court, the grounds for dismissal in this case remain the same as those identified by Chief Judge Young.  The plaintiff's claims will not be ripe unless and until he prevails in the state court criminal litigation.

Accordingly, this case is hereby ORDERED DISMISSED.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE